# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEBBIE A. SNYDER,

    Plaintiff,

v.                                                      Case Number: 10-cv-10563
                                                        Honorable Lawrence P. Zatkoff

GENESEE COUNTY SHERIFF
DEPARTMENT, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Debbie A. Snyder filed this action as a result of her confinement in the Genesee County Jail in Flint, Michigan. She names numerous Defendants in her complaint: (1) the Genesee County Sheriff's Department, (2) the Genesee County Health Department, (3) the Genesee County Court Transport Services, (4) the Sixty-Seventh District Court, (5) the Seventh Judicial Court, (6) the Genesee County Prosecutor's Office, (7) the Saginaw County Sheriff's Department, (8) the Saginaw County Circuit Court, (9) the Clinton County Sheriff's Department, and (10) the Clinton County District Court. Plaintiff alleges the following against all Defendants: (1) violations of the Americans with Disabilities Act (ADA), (2) police brutality, (3) delayed, or denial of, medical care, (4) retaliation, and (5) violations of the Health Insurance Portability and Accountability Act (HIPAA). However, in her complaint, Plaintiff does not specifically identify what each Defendant did or did not do. She is seeking, among other things, monetary damages.

The Court must read Plaintiff's *pro se* pleadings under "less stringent standards than formal pleadings drafted by lawyers," *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying those standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court also concludes that an appeal cannot be taken in good faith.

## II. DISCUSSION

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. §1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(a) and (e)(2). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton*, 504 U.S. at 31 (citing *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989)).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff's complaint is subject to dismissal because the complaint contains nothing but conclusory allegations. Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *see also Jackson v. Madery*, 158 Fed. App'x 656, 659 (6th Cir. 2005).

A careful review of Plaintiff's complaint reveals that her claims are rambling and incoherent. She merely asserts a laundry list of conclusory assertions, but fails to clearly allege any set of facts showing that the named Defendants in this case violated her federal rights; she fails to show how Defendants violated the ADA, HIPAA, denied her medical care, and committed police brutality. In order to prevail on a Section 1983 claim, a plaintiff must establish that a person acting under color of state law deprived her of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Here, Plaintiff never offers anything beyond her conclusory allegations to suggest that Defendants violated some official policy. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Because Plaintiff has failed to make such a showing, her complaint is properly dismissed as frivolous and failing to state a claim under 42 U.S.C. § 1983.

3

## III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint.  The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore*, 114 F.3d at 610-11.

**IT IS SO ORDERED**.

                                                     s/Lawrence P. Zatkoff  
                                                     LAWRENCE P. ZATKOFF  
                                                     UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 24, 2010.

                                                   s/Marie E. Verlinde  
                                                   Case Manager  
                                                   (810) 984-3290